In re GEORGESON SHAREHOLDER COMMUNICATIONS, INC., SHARE EXCHANGE LITIGATION

Lila T. Gavin v. AT & T Corp., et al., C.A. No. 1:01–2721

Allan H. Starr, etc. v. Georgeson Shareholder, Inc., et al., S.D. New York, C.A. No. 1:02–8921

Allan H. Starr, etc. v. Georgeson Shareholder, Inc., et al., S.D. New York, C.A. No. 1:03–1163

James L. Jerome v. Georgeson Shareholder, Inc., et al., C.A. No. 1:03–1822

No. 1548.

Judicial Panel on Multidistrict Litigation.

Aug. 11, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation consists of four actions pending in two districts as follows: three actions in the Southern District of New York, and one action in the Northern District of Illinois. Plaintiff in the Illinois action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. All responding parties oppose transfer. They are: i) common defendants Georgeson Shareholder Communications Inc. and Georgeson Shareholders Securities Corp. (collectively, Georgeson); ii) AT & T Corp. (the co-defendant in the Illinois action and in two of the three New York actions); iii) Vodafone Group PLC (the codefendant in the third New York action); and iv) Allan H. Starr (the plaintiff in two of the three New York actions). If the Panel orders centralization over their objections, then the Georgeson defendants, AT & T and plaintiff Starr would support selection of the Southern District of New York as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact and law in this docket are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer.

* Judge Keenan took no part in the decision of    this matter.

We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.